CONSOLIDATED FLOUR MILLS COMPANY, Respondent, *v.* PICARD GRAIN & PRODUCE CO., INC., Appellant.

First Department, July 2, 1924.

Sales — action by seller to recover difference between contract price and price received on resale after refusal of buyer to accept — contract provided for shipment in seven days — seller had seven days after buyer secured government permit — shipment was not made within seven days thereafter — provision that contract was " subject railroad accepting shipments " did not excuse delay caused by failure to get cars — buyer is not liable.

A buyer of goods which were bought for export is not liable for the difference between the contract price and the price received by the seller on resale after the buyer refused to accept, where it appears that shipment was to be made within seven days after the contract was made, and that the buyer·was to obtain the government permit authorizing the shipment, for while the seller had the right to ship within seven days after the receipt of the government permit, it did not ship within that time and the provision in the contract that it was " subject railroad accepting shipments " did not excuse the delay in shipping caused by the failure to obtain cars, for that provision merely authorized the cancellation of the contract by the seller in case he could not get shipment within the proper time, but did not operate to extend the time of shipment.

APPEAL by the defendant, Picard Grain & Produce Co., Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 6th day of June, 1923, upon the verdict of a jury rendered by direction of the court.

*House, Grossman & Vorhaus* [*Joseph Fischer* of counsel; *Louis J. Vorhaus* with him on the brief], for the appellant.

*Paul M. Crandell*, for the respondent.

224 CONSOLIDATED FLOUR MILLS CO. v. PICARD G. & P. CO., INC.

First Department, July, 1924. [Vol. 210

SMITH, J.:

The cause of action is based upon a contract. The plaintiff, the seller, sold to the defendant, the buyer, certain flour, shipment to be made "prompt" seven days. It was provided, among other things, " subject railroad accepting shipments," otherwise, " subject to confirmation by the seller." There were certain terms and conditions also annexed to the contract. By paragraph 8 of those conditions it is provided: " That if the seller shall fail, except for the reasons specified in paragraph (9) of this contract, to make any shipment as specified, then the buyer may, at his option, cancel this contract by notice received by seller at any time before actual shipment, and the seller shall pay to the buyer the sum of 25c per barrel on flour and 50c per ton on feed, plus or minus the then market price difference. The buyer may also pursue such further remedies as the law may provide." This is followed by subdivision 9, which reads as follows: " Exceptions to seller's responsibilities. That if this contract cannot be performed by the seller within the time specified, because of government contracts not in contemplation at the time of contract, or because of fire, strikes, labor difficulties, act of carriers, or cause beyond the control of the seller, and if the seller notifies the buyer of such inability, stating the specific cause, as soon as he knows that such inability will prevent performance, and in any event on or before the date of shipment, the seller shall not be responsible for failure to perform. In such event the buyer shall have the option of cancelling the contract at the then market price difference, provided he exercises such option within 24 hours from the time when he receives notice of the seller's inability to perform. If such buyer's cancellation option is not exercised, the contract time of shipment shall be extended until a reasonable time after the termination of seller's inability, but not to exceed thirty days beyond the original shipping date. At the end of such additional thirty days' period the buyer shall again have the right to cancel as above provided, or the contract shall be similarly extended."

This contract was made on June 9, 1920. The buyer was to obtain the government permit authorizing the reshipment of this flour to the city of Antwerp in the Kingdom of Belgium. This government permit was obtained about June eighteenth. The flour was shipped from Kansas to the defendant about July ninth. The buyer refused to accept delivery on the flour. Upon the refusal of the buyer to accept this flour, the seller made sale thereof, as he might lawfully do; and this action was brought to recover the difference between the price received upon such sale and the contract price of the flour. In the contract the time of shipment

is stated as prompt seven days. But this seven days by all reasonable construction would mean seven days from the time of the receipt of the government permit to ship. But, as the government permit to ship was received by the seller upon June eighteenth, shipment must then be made promptly within seven days; but no shipment was made until July ninth, which exceeds the seven days.

On August seventh the buyer wrote to the seller that they had advised them that they could make use of the car, if delivery was had upon July thirty-first; but the car did not actually arrive at seaport where delivery was to be made until August thirty-first, so that there was no extension of time to that date shown wherein the seller had the right of delivery.

I think the plaintiff is barred from recovery here, because the shipment was not made seven days after the receipt of the government permit. It is claimed, however, that they had trouble getting cars, and there is a provision in the contract "subject railroad accepting shipments." But that provision in the contract refers to the validity of the contract itself, and not merely to the time of shipment. If the seller, for instance, were unable to get shipment within the proper time, he might cancel the contract. If the contract had read that the time for delivery was subject to railroad accepting shipments, another question would be presented; but the mere provision in the contract, "subject railroad accepting shipments," refers to the obligation of the contract itself.

I can find no liability on the part of the defendant for these goods. There was a claim made that the flour was wormy and deteriorated and not first class flour. But that question, as I read the record, does not arise here, because no objection was made on that ground. The objection was made on the ground that it was not shipped in time, and clearly it was not shipped in the contract time.

The plaintiff cannot recover for the refusal of the defendant to accept the goods.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

Clarke, P. J., Merrell, Finch and Martin, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.